**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ROBERT RAMOS,** | * | |
| an individual, | * | |
| | * | |
| **PLAINTIFF,** | * | |
| v. | * | |
| | * | **Case No. 5:22-cv-734-RBF** |
| **L&S TRI-STAR INVESTMENTS** | * | |
| **LLC,** | * | |
| a limited liability company, | * | |
| | * | |
| **DEFENDANT.** | * | |

_____

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES
AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S DISCOVERY RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

_____

COMES NOW, Plaintiff Robert Ramos ("Plaintiff"), by and through his attorney, moves this Court pursuant to FED. R. CIV. P. 33, 34, and 37 to compel Defendant to provide full and complete responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents.

1. On December 30, 2022, Plaintiff, Robert Ramos, served Plaintiff's First Set of Interrogatories and Cover Letter by email to Defendant's attorneys. The aforementioned Plaintiff's First Set of Interrogatories, Cover Letter, and email are attached to this Motion as Exhibit No. 1 and incorporated herein by reference as if set out verbatim.

1

2.  Pursuant to Federal Rules of Civil Procedure, Rule 33(b)(2) *Time to Respond*,

    "the responding party must serve its answers and any objections within thirty (30) days after being served with the interrogatories."

3.  On December 30, 2022, Plaintiff, Robert Ramos, served Plaintiff's First Request for Production to Defendant and Cover Letter by email to Defendant's attorneys. The aforementioned Plaintiff's First Request for Production to Defendant, Cover Letter, and email are attached to this Motion as Exhibit No. 2 and incorporated herein by reference as if set out verbatim.

4.  Pursuant to the Federal Rules of Civil Procedure, Rule 34(b)(2)(A) *Time to Respond,*

    "the party to whom the request is directed must respond in writing within thirty (30) days after being served or - if the request was delivered under Rule 26(d)(2) – within thirty (30) after the parties' first Rule 26(f) conference."

5.  The Defendant wase served with the Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production to Defendant on December 30, 2022. The time in which to respond expired for the Defendant on January 30, 2023.

6.  On January 23, 2023, the Plaintiff, by and through counsel, emailed Counsel for the Defendant reminding him that discovery responses were due on January 30, 2023. Counsel for Defendant replied that "the client is doing some work on the site."

7.  On February 1, 2023, Counsel for Plaintiff emailed Counsel for Defendant advising that the discovery responses were now past due and that Plaintiff would give the Defendant until February 3, 2023 to provide responses.  In that email, Plaintiff also stated his intention of filing a Motion to Compel should Defendant not provide responses or timely respond to this email.  Plaintiff went on to state that should

Defendant not respond, to "please consider this at Plaintiff's attempt to schedule a conference pursuant to FRCP 33, 34 and 37 and with regards to a Motion to Compel, Plaintiff will consider Defendant opposed to said Motion to Compel unless you respond otherwise." Defendant did not reply and still has not replied.

8. Plaintiff, by and through counsel, has in good faith attempted to confer with Counsel for the Defendant, who has now become unresponsive, regarding their failure to respond to the written discovery in an effort to obtain it without Court action. The Plaintiff has been unsuccessful.

9. To date, Defendant has produced no responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production to Defendant. Further, Defendant has failed to timely object to any of the discovery requests propounded by Plaintiff.

10. Because Defendant has failed to timely respond or object to any of the discovery requests propounded by Plaintiff, all objections to discovery requests are waived. See *In re United States, 864 F.2d 1153. 1156 (5th Cir. 1989) (applying the waiver of objections to Rule 34 as well as Rule 33)*, See also *Tustin v. Motorists Mutual Insurance Company*, Civil Action: 5:08-CV-111 (N.D.W. Va. Oct. 22, 2009), *Phillips v. Dallas Carriers Corp*., 133 F.R.D. 475, 477 (M.D. N.C. 1990).

11. Without the information requested in Plaintiff's First Set of Interrogatories and Requests for Production of Documents, Plaintiff is unable to prove essential elements of his case, and the Defendant is directly impeding with the prosecution of his case.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff, Robert Ramos prays for the following relief:

1. That this Honorable Court enter an Order compelling the Defendant to respond to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production to Defendant within ten (10) days of the entry of an Order by this Honorable Court.

2. For an order granting Plaintiff attorneys' fees and costs associated with the filing of this motion.

3. For any other relief, specific or general, that the Plaintiff may be entitled.

Dated: February 17, 2023

By:*/s/ Duncan Strickland*
Duncan Strickland
Counsel for Plaintiff
State Bar No.:  24072374
13423 Blanco Road
San Antonio, TX 78216
Telephone: (210) 504-7874
E-mail:  Duncan@StricklandLawFirm.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that, on February 17, 2023, a copy of the foregoing document was served via the Court's Electronic Filing System upon:

Gregory T. Van Cleave
The Law Office of Albert W. Van Cleave
1520 W. Hildebrand
San Antonio, TX 78201
Email:  greg_v@vancleavelegal.com
Email:  greg_v@hotmail.com

By:*/s/ Duncan Strickland*

## **CERTIFICATE OF CONFERENCE**

On February 1, 2023, I attempted to conferred with Gregory T. Van Cleave and Albert

W. Van Cleave by email, but no response was received.


/s/ Duncan Strickland